IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.  21-CR-30176-DWD |
| vs. ) | |
| ) | |
| KEITH L. JOHNSON, ) | |
| ) | |
| Defendant. ) | |

### PRELIMINARY ORDER OF FORFEITURE

**DUGAN, District Judge:**

In the Indictment filed in the above cause on November 17, 2021, the United States sought forfeiture of property of Defendant Keith L. Johnson pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) (Doc. 1).  Defendant pleaded guilty on August 23, 2022 (Doc. 34) and, upon consideration of the guilty plea in this matter, the Court **FINDS forfeitable and ORDERS forfeited** the following property:

**One Chrome Bersa Thunder .380, with serial number 793311.**

The United States, under the authority of 21 U.S.C. § 853(n)(1), shall "publish notice of the order and of its intent to dispose of the property in such matter as the Attorney General may direct," to provide notice of the forfeiture and of the right of persons other than the defendant who have any claim or legal interest in any of the property to file a petition with the Court.  The notice shall be provided in a manner consistent with Supplemental Rule G(4)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The notice shall state that the petition: shall be set for a hearing to adjudicate the

validity of the petitioner's alleged interest in the property; shall be signed by the petitioner under penalty of perjury; and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property; and any additional facts supporting the petitioner's claim and the relief sought.

The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order for Forfeiture, as the substitute for the published notice to those persons so notified.

Upon the filing of a petition alleging the third-party interests in the property, the Court may amend this Order to resolve the claimed third-party interests.

The United States Marshals or the custodian for the bureau of Alcohol, Tobacco, Firearms and Explosives shall seize and reduce to his possession, if he has not already done so, the above-described property.

This Order, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, shall become final with respect to Defendant Keith L. Johnson at the time of the Defendant's sentencing, regardless of whether or not the rights of actual or potential third-party petitioners have been determined by that time. This Order shall be made part of the sentence of Defendant Keith L. Johnson and shall be included in the Judgment imposed against the Defendant. *See* Fed. R. Crim. P. 32.2(b)(4). Although this Order will be final with respect to the Defendant at the time of sentencing, it may be amended with respect to petitions filed by third-parties claiming an interest in the subject-matter forfeited property.

The United States may abandon forfeiture of the property by filing notice of the abandonment with the Court.

**SO ORDERED**.

Dated:

                                               /s/ David W. Dugan
                                               DAVID W. DUGAN
                                               United States District Judge