**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-CR-30176-DWD |
| | ) |
| KEITH L. JOHNSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Defendant Keith Johnson's pro se Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). The Government has filed a sealed response. For the reasons explained below, the Motion is denied.

### BACKGROUND

On November 17, 2021, Johnson was charged with being a previously convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). Johnson pled guilty, and on December 20, 2022, this Court sentenced him to 82 months' imprisonment, to be followed by a three-year term of supervised release. (Doc. 48). Following his sentencing, Johnson did not appeal. (Doc. 54). Johnson is currently housed at MCFP Springfield with an anticipated release date of September 1, 2027.

### STATED GROUNDS FOR RELIEF

Pro se pleadings are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Anderson v. Hardman*, 241 F.3d 544 (7th Cir. 2001). Johnson requests compassionate release due to his medical conditions and because he has completed

programs in support of his rehabilitation. (Doc. 57). Johnson's Motion also includes a request for home confinement. (*Id.*).

## APPLICABLE LAW

Section 3582(c)(1)(A) permits a district court, upon motion of the Director of the Bureau of Prisons or upon motion of a defendant after administrative exhaustion, to reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds that extraordinary and compelling reasons warrant such a reduction and that the reduction is consistent with the Sentencing Commission's policy statement. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Williams*, 65 F.4th 343, 346 (7th Cir. 2023); *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021).

The current policy statement, U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2023), governs defendant-filed motions. It recognizes several categories of potential "extraordinary and compelling reasons" for compassionate release, including certain medical circumstances of the defendant, specified family-caregiving needs, and "other reasons" that are similar in gravity to those enumerated. U.S.S.G. § 1B1.13. The statement also provides that rehabilitation of the defendant cannot, by itself, be an extraordinary and compelling reason, but it may be considered in connection with other reasons in determining whether and to what extent the Court should grant a reduction. U.S.S.G. § 1B1.13(d). The policy statement also requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(a)(2).

When a motion for compassionate release is filed by a defendant, as is the case here, U.S.S.G. § 1B1.13 is not binding. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Nevertheless, the substantive aspects of U.S.S.G. § 1B1.13 provide a "working definition" of "extraordinary and compelling reasons" that should guide a court's discretion without strictly confining it. *Id.* The Bureau of Prison's analysis regarding "extraordinary and compelling reasons" should also be afforded substantial weight. *Id.*

For a defendant to be eligible for compassionate release, he must have exhausted his administrative remedies.[1] Additionally, the Court must find that (1) extraordinary and compelling reasons for release exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant release. 18 U.S.C. § 3582(c)(1)(A). The movant bears the burden of making such a showing, and the Court has discretion to determine whether the defendant satisfies that burden. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021); *Gunn*, 980 F.3d at 1180.

## DISCUSSION

### A. Exhaustion

The United States does not argue that Johnson failed to exhaust his administrative remedies. Therefore, any argument as to exhaustion is waived. *Gunn* 980 F.3d at 1179; *see also United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

---

[1] The exhaustion requirement is not jurisdictional and may be waived by the Government. *Gunn*, 980 F.3d at 1179.

3

### B.  Home Confinement

To the extent Johnson seeks an order directing that he serve the remainder of his custodial term on home confinement, the Court lacks authority to grant that relief. The Bureau of Prisons retains exclusive authority over designation and placement decisions, which are unreviewable by any court. 18 U.S.C. § 3621(b); *see also Tapia v. United States*, 564 U.S. 319, 331 (2011). The request for home confinement is denied on that basis.

### C.  Medical Conditions

Johnson contends that his medical conditions constitute extraordinary and compelling reasons for compassionate release. "[E]xtraordinary and compelling reasons" exist if the defendant is suffering from a "serious physical or medical condition… that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13. The Court has reviewed the medical materials and summaries provided in Johnson's Motion and the Government's Response. (Docs. 57, 66).

Johnson states that he suffers from chronic kidney disease, diabetes, hypertension, heart disease, a prior stroke, and chronic lower back pain. He provides a summary of medical diagnoses apparently generated by the Bureau of Prisons  that seem to confirm these diagnoses. (Doc. 57, pg. 1). The Government also provided medical records which indicate in September of 2024, Dr. Scott R. Moose completed a medical review of Johnson in response to his application for a reduction in sentence due to his medical conditions. (Doc. 66-2). Dr. Moose concluded that Johnson has "no significant disability or terminal diagnosis" and "has no problems with activities of daily living." (*Id.*). Johnson also earned

4

perfect scores on the Instrumental Activities of Daily Living scale and Physical Self-Maintenance scale. (Doc. 66-2, pg. 2).

The evidence presented demonstrates that the Bureau of Prisons is treating Johnson's medical conditions and that he can provide self-care within his current facility. The Court does not find that Johnson is at increased risk of serious deterioration in health or death absent treatment that the Bureau of Prisons cannot or will not provide. As stated above, the burden rests with the movant to demonstrate eligibility for relief. *Newton*, 996 F.3d at 488. To the extent Johnson's Motion raises generalized disagreement with institutional medical protocols or seeks different treatment, a compassionate-release motion is not the proper vehicle for litigating such claims. *See United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) (limiting compassionate release application to new facts about inmate health rather than collateral attacks); *United States v. Guzman*, No. 3:10-CR-161-TAV-DCP, 2021 WL 5217624, at *6 (E.D. Tenn. Nov. 9, 2021) (claims for failing to provide adequate medical treatment "should be addressed through 42 U.S.C. § 1983 or another appropriate civil remedy, not through a motion for compassionate release").

### D. Rehabilitation

While the Court commends Jackson for pursuing programming and self-improvement, Congress has directed that rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason for compassionate release. 18 U.S.C. § 994(t). The policy statement repeats that limitation. *See* U.S.S.G. § 1B1.13(d); *United States v. Peoples*, 41 F.4th 837, 841 (7th Cir. 2022) ("[R]ehabilitation alone cannot serve as a basis for early release under § 3582(c)(1)(A).").

### E. Section 3553(a) Factors

Having determined that Johnson has not presented an extraordinary and compelling reason warranting compassionate release, the Court is not required to consider the § 3553(a) factors. *Ugbah*, 4 F.4th at 598. However, the Court briefly notes that the § 3553(a) factors weigh heavily against Johnson. The Sealed Presentence Investigation Report indicates that Johnson is a career offender with a substantial criminal history. Johnson's adult convictions include ten prior felony convictions, and the firearm conviction for which he is currently incarcerated was his third. (Doc. 39, pgs. 7–12). Further, Johnson committed the offense that resulted in the sentence he now wishes to reduce while suffering the same medical conditions he relies on in his Motion. (*Id.*, pg. 16). Releasing Johnson now would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, or protect the public from further crimes. Thus, even if Johnson had established grounds for compassionate release, the § 3553(a) factors here strongly weigh against his early release.

### CONCLUSION

For these reasons, Defendant Keith Johnson's Motion for Compassionate Release (Doc. 57) is **DENIED**.

**SO ORDERED.**

Dated: May 18, 2026

_____

DAVID W. DUGAN
United States District Judge

6